**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 113991

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Vincent M. Asaro,<br><br>    Plaintiff,<br><br>vs.<br><br>Convergent Outsourcing, Inc., and Orion Portfolio Services, LLC,<br><br>    Defendants. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Vincent M. Asaro (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Convergent Outsourcing, Inc., and Orion Portfolio Services, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Vincent M. Asaro is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Convergent Outsourcing, Inc., is a Washington Corporation with a principal place of business in King County, Washington.

8. On information and belief, Defendant Orion Portfolio Services, LLC is a Georgia Corporation with a principal place of business in Dekalb County, Georgia.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendants allege Plaintiff owes a debt ("the Debt").

12. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debt Plaintiff fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants for collection.

15. In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated February 8, 2016. (**Exhibit 1.**)

16. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

18. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

19. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of the debt.

20. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

or deceptive means to collect or attempt to collect any debt."

21. The Letter at issue herein was not the initial communication Plaintiff received from Defendants concerning the subject debt.

22. On information and belief, the initial communication Plaintiff received from Defendants concerning the subject debt was a letter dated September 13, 2016 (the "First Letter") ("**Exhibit 2**.")

23. Both the First Letter and the subject Letter state, on their respective reverse sides:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

24. The language quoted above tracks the statutorily prescribed validation disclosures set forth under 15 U.S.C. § 1692g.

25. In light of the First letter, the statutorily prescribed time period in for Plaintiff to exercise his right to dispute the subject debt, whether in writing or otherwise, expired on or around October 29, 2016.

26. In light of the First Letter, the statutorily prescribed time period in which for Plaintiff to exercise his right to dispute the subject debt in writing, along with his conjoined right to receive a verification of the subject debt or a copy of a judgment (if any), expired on or around October 29, 2016.

27. In light of the First Letter, Defendants assumed the debt was valid on or around October 29, 2016.

28. In light of the First Letter, the statutorily prescribed time period in which for Plaintiff to request in writing the name and address of the original creditor expired on or around October 29, 2016.

29. The subject Letter was not even generated, no less mailed and received by Plaintif, until approximately three months after Plaintiff's validation rights concerning the subject debt, as set forth in Paragraphs 22-27, *supra*, expired.

BARSHAY | SANDERS<sub>PLLC</sub>
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

30. The subject Letter's representation that Plaintiff has thirty (30) days from the date of receipt of the Letter in which to dispute the validity of the debt is false.

31. The subject Letter's direct implication that Defendants have not already assumed the debt is valid is false.

32. The subject Letter's representation that Plaintiff has thirty (30) days from the date of receipt of the Letter in which to dispute the validity of the debt in writing, thus triggering his right to receive verification of the debt, is false.

33. The subject Letter's representation that Plaintiff has thirty (30) days from the date of receipt of the Letter in which to request the name and address of the original creditor is false.

34. The least sophisticated consumer, upon reading the Letter, would be misled into believing that she has thirty (30) days from the date of receipt of the Letter in which to exercise any and all of her validation rights, as described above when, in fact, the time period in which to exercise said rights has long since expired.

35. The least sophisticated consumer, upon reading the Letter, would be deceived as into believing that she has thirty (30) days from the date of receipt of the Letter in which to exercise any and all of her validation rights, as described above when, in fact, the time period in which to exercise said rights has long since expired.

36. The least sophisticated consumer, upon reading the Letter, including the false representations as to Plaintiff's validation rights, would be deceived into believing that she does not yet run the risk of being sued on the debt or having the debt reported to the credit bureaus – or deceived into underestimating such risks – when, in fact, such actions could be imminent.

37. Whether a consumer still has time in which to exercise her right to dispute the validity of a debt is a material piece of information to the least sophisticated consumer.

38. Whether a consumer still has time in which to exercise her right to dispute the validity of the a debt will influence the consumer's decision as to whether to pay the debt, or to otherwise take responsive action.

39. For instance, the least sophisticated consumer, under the mistaken impression that she has time in which to exercise her validation rights, may attempt, in vain, to exercise said rights rather than remit payment.

40. For instance, the least sophisticated consumer, under the mistaken impression that she has time in which to exercise her validation rights, may choose to put the debt aside in favor

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

of remitting payment on what she believes is a more urgent and more seriously delinquent debt.

41. The Letter, because of the false statements, would likely mislead the least sophisticated consumer in a material way.

42. The Letter, because of the false statements, would likely deceive the least sophisticated consumer in a material way.

43. Defendants' conduct, as described, violates 15 U.S.C. § 1692e, 1692e(2)(A), and 1692e(10).

## JURY DEMAND

44. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Damages against Defendants pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

DATED: February 8, 2018

**BARSHAY SANDERS, PLLC**

By: ___*/s/ Craig B. Sanders*___
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 113991

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530